# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

EDWARD McGHEE,

                                  :

        Petitioner,                      Case No. 1:10-cv-887

                                  :          Chief Judge Susan J. Dlott
     -vs-                           Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

                                  :

        Respondent.

---

## REPORT AND RECOMMENDATIONS

---

       This is a habeas corpus case brought by Petitioner Edward McGhee *pro se* under 28 U.S.C. § 2254. Petitioner seeks release from imprisonment imposed by the Hamilton County Common Pleas Court upon his conviction on two counts of compelling prostitution and two counts of unlawful sexual conduct with a minor.

       When Mr. McGhee filed the Petition, he was incarcerated at the Lebanon Correctional Institution. However, he has since been transferred to the Southern Ohio Correctional Facility at Lucasville whose Warden, Don Morgan, is hereby substituted under Fed. R. Civ. P. 25 as the Respondent in this case. As is customary in this Court, the caption will not be amended to reflect this change.

Petitioner pleads the following grounds for relief:

**Ground One:** First Appellate District of Ohio Hamilton County, Ohio

**Supporting Facts:** Prosecutor made inappropriate remarks to the jury
Denied ineffective assistance of counsel
Evidence was insufficient manifest weight of the law of compelling prostitution
Permitting other acts of testimony evidence
Permitting inadmissible hearsay evidence

**Ground Two:** 26(B) Application for Reopening a Direct Appeal
Ineffective Assistance of Counsel

**Supporting Facts:** I feel the attorney was ineffective for not objecting evidence that should have not been allowed in. He also was ineffective for not providing adequate representation.
Right to be present at side bar conference
Crim R. 43 Right to be present
Unraised "psychiatric issues"

(Petition, Doc. No. 3.)

## Procedural History

Petitioner was indicted in February, 2006, on the four counts on which he was eventually convicted plus an additional count of unlawful sexual conduct with a minor. After the jury convicted him, Petitioner, represented by new counsel, appealed to the Hamilton County Court of Appeals, raising the following assignments of error:

1. The trial court erred as a matter of law by permitting other acts testimony into evidence thus prejudicing Appellant's right to a fair trial.

2. The trial court erred as a matter of law by permitting inadmissible

hearsay evidence to be presented to the jury which violated his right to a fair and impartial trial.

3. The trial court erred as a matter of law by permitting the prosecutor to make improper remarks to the jury which prejudiced Appellant's rights to a fair trial.

4. Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial.

5. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Appellant's convictions for compelling prostitution and unlawful sexual conduct with a minor.

(Appellant's Brief, Exhibit 6 to Return of Writ, Doc. No. 7, PageID 79.) The Court of Appeals affirmed the conviction. *State v. McGhee,* 2009 Ohio 4887, 2009 Ohio App. LEXIS 4145 (1st Dist. Sept. 18, 2009). The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *State v. McGhee*, 124 Ohio St. 3d 1418 (2009).

Mr. McGhee filed an application to reopen his direct appeal under Ohio R. App. P. 26(B) which the Court of Appeals denied on August 6, 2010. McGhee took no appeal from that denial, but instead filed the instant Petition on December 27, 2010. On Judge Litkovitz's Order (Doc. No. 2), the State filed a Return of Writ (Doc. No. 7) and Petitioner has filed a reply styled "Memorandum" (Doc. No. 8). The case is thus ripe for decision.

## Analysis

The background facts were summarized by the Court of Appeals as follows:

[*P3] When she was 15 years old, B.B. ran away from her foster home and began life as a prostitute. One afternoon in August 2006, she was walking in front of McGhee's home, and he solicited her for

sex. McGhee was 41 years old at that time.

[*P4]  After B.B. and McGhee had engaged in sexual intercourse, she informed him that she was only 15 years old. That same day, McGhee suggested that he become B.B.'s pimp. According to his plan, he would tell prospective customers that B.B. was 19 years old and that she was from Atlanta. McGhee told B.B. that she could make more money working for him than she could make on her own.

[*P5]  That evening, McGhee and B.B. put McGhee's plan into action, and B.B. had sex with two men at McGhee's house in exchange for money. On a later date, McGhee solicited a customer at a bar, after which B.B. had sexual intercourse with the man at McGhee's residence.

[*P6]  B.B. testified that she had engaged in sexual intercourse with McGhee in September and October of 2006. In December 2006, she discovered that she was pregnant. Subsequent paternity tests revealed that McGhee was the father of the child.

[*P7]  According to B.B., McGhee had at first been happy about the pregnancy. Then, in early 2007, B.B. returned to foster care so she could obtain medical coverage for herself and the child. B.B. testified that she had attempted to protect McGhee by not revealing that he was the father of her child. But when B.B.'s foster mother eventually learned that McGhee was the father, she contacted the police.

[*P8]  B.B. testified that when McGhee had become aware that the police had been notified, his attitude toward the pregnancy changed. He became verbally abusive, and one day he came to her "Life Skills" class and "tried to push" her in the stomach.

[*P9]  Cincinnati Police Detective Jane Noel testified that she had first become acquainted with B.B. during the investigation of the stepfather's alleged sexual abuse. She testified that, during her investigation of the instant offenses, B.B. had at first refused to reveal the identity of her child's father. But after B.B. had lived with her foster mother for a short time, she had informed Noel that McGhee was the father of the child.

[*P10]  After the state's case, McGhee rested without presenting evidence. The jury found him guilty, and the trial court sentenced him to an aggregate term of 15 years imprisonment.

*State v. McGhee, supra*, ¶¶ 3-10.

In his Petition, Mr. McGhee pled his grounds for relief in very summary fashion, making it difficult for the Warden to know exactly how to respond. In his reply, Mr. McGhee has copied his Memorandum in Support of Jurisdiction from his appeal to the Ohio Supreme Court, substituting "Petitioner" for "Appellant." For completeness of analysis, the Court will deal with the issues in the order raised in the Memorandum and then treat any additional issues at the end.

### Issue Number One: Other Acts Testimony

Mr. McGhee asserts that the victim in this case, B.B., was improperly permitted to testify that, having impregnated B.B., he showed up at her school and assaulted her by pushing on her stomach. In his argument in the state courts, he asserted that this act did not come within Ohio R. Evid. 404(B) and Ohio Revised Code § 2945.59 because there was no substantial proof that he did the other act and it was not admitted to prove one of the elements made permissible by those two rules.

The First District Court of Appeals heard these arguments as Petitioner's First Assignment of Error and decided them as follows:

> [*P11] In his first assignment of error, McGhee now contends that he was denied a fair trial because of inadmissible "other acts" evidence. Specifically, he argues that it was erroneous to admit evidence that he had attempted to assault B.B. at her Life Skills class.
>
> [*P12] Evid.R. 404(B) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake

-5-

or accident."

[*P13]  But because McGhee failed to object to the evidence, we review the assignment under a plain-error standard. Under the plain-error standard, an appellate court will reverse a judgment only where the outcome clearly would have been different absent the alleged error. *State v. Miller*, 1st Dist. No. C-070691, 2008 Ohio 5899, P22.

[*P14]  In the case at bar, there was no plain error. The state apparently introduced the evidence to demonstrate why B.B. had not come forward earlier with the allegations of sexual abuse. Until the police had learned of the sexual conduct, McGhee had been supportive of B.B. and the pregnancy; but once exposed as the father of a 16-year-old's child, he became physically abusive. It was then that B.B. informed the police of the complete details of McGhee's offenses. The incident, therefore, was relevant in explaining the impetus for B.B. finally coming forward with the allegations underlying the charges.

[*P15]  And in fact, McGhee himself used the assault as part of his defense. He attempted to demonstrate that B.B. had fabricated her testimony in retaliation for the assault. In light of McGhee's own use of the evidence, the trial court's admission of the testimony did not constitute plain error.

*State v. McGhee, supra,* ¶¶ 11-15.

The State asserts Mr. McGhee procedurally defaulted in the presentation of this claim to the state courts because his attorney failed to object (Return of Writ, Doc. No. 7, PageID 90).  This Court agrees.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

> demonstrate that failure to consider the claims will
> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th

Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he

could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);

*Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who

fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.

*Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);

*Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright*

replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010);

*Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138

(6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407

(2001).

> First the court must determine that there is a state procedural rule that
> is applicable to the petitioner's claim and that the petitioner failed to
> comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster
> County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777
> (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state can

rely to foreclose review of a federal constitutional claim.

Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138.

Ohio has a contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162(1998). The Hamilton County Court of Appeals enforced that rule here by conducting review only for plain error, an enforcement and not a waiver of the rule. *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F. 3d 239 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003). The contemporaneous objection rule is an adequate and independent state ground. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), citing *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). Therefore Petitioner is barred from relief on this claim unless he can show cause and prejudice to excuse his default. He asserts ineffective assistance of trial counsel as an excuse, and as the analysis below shows, he has not established excusing cause and prejudice. The first habeas issue is without merit.

Apart from procedural default, the State argues that this claim was not fairly presented to the State courts as a constitutional claim. Assuming only for purpose of argument that Petitioner's "fair trial" language in his First Assignment of Error was enough to preserve the constitutional issue, the question under 28 U.S.C. § 2254(d)(1) becomes whether the Court of Appeals' decision is contrary to or an unreasonable application of clearly established Supreme Court precedent. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000). McGhee has not suggested (nor did his state appellate counsel suggest) any Supreme Court precedent holding admission of other acts evidence of the character admitted here denies a defendant a fair trial. As the Court of Appeals held, McGhee himself attempted to use the incident to claim that B.B. had fabricated the whole story against him. Evidentiary questions generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000). Courts have, however, defined the category of infractions that violate fundamental fairness very narrowly. *Bugh, quoting Wright*

*v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993), *quoting Dowling v. United States*, 493 U.S. 342, 352 (1990). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000)(*quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

Petitioner is not entitled to habeas relief on his first issue.

### Issue Number Two: Admission of Hearsay

Petitioner claims he was denied a fair trial because Detective Noel was permitted to give hearsay testimony about what B.B. had said to her. (Memorandum, Doc. No. 8, PageID 250-251.) The Court of Appeals again reviewed only for plain error and held:

> [*P16]  In the second assignment of error, McGhee argues that the trial court erred in admitting hearsay evidence. He takes issue with Noel's descriptions of B.B.'s tumultuous childhood and her life on the streets as a prostitute. He also contends that the trial court erred in permitting Noel to repeat B.B.'s statements about her sexual conduct with McGhee. He argues that the statements had the cumulative effect of unfairly evoking sympathy for B.B. and of improperly bolstering her testimony. But because McGhee failed to object to the statements, we again review their admission under a plain-error standard.
>
> [*P17]  We find no plain error. Noel's statements merely described how she had become involved  with the investigation and were not inflammatory or otherwise unfair to McGhee. And as McGhee acknowledges, they were cumulative to the statements of B.B. herself. Accordingly, we cannot say that the result clearly would have been different absent the testimony. We overrule the second assignment of error.

*State v. McGhee, supra,* ¶¶ 16-17.

As noted with respect to Issue Number One, plain error review does not waive a procedural default.  The question of whether the default is excused by ineffective assistance of trial counsel is dealt with below.

Even more clearly than with Issue One, it is doubtful Petitioner even raises a constitutional claim with this Issue Two.  There is no constitutional rule against admission of hearsay testimony except as provided by the Confrontation Clause and here Petitioner was able to fully cross-examine his accuser.  Finally, assuming a constitutional issue was stated in the Ohio courts, Petitioner presents no U.S. Supreme Court precedent which is contravened by the Court of Appeals' decision. Mr. McGhee is not entitled to habeas relief on his second issue.


## Issue Number Three: Prosecutorial Misconduct


Petitioner complains that the prosecutor committed misconduct in closing argument by vouching for B.B., questioning the Petitioner's credibility, and asking the jury to give B.B. the "justice that she deserves."

> [*P18]  In his third assignment of error, McGhee contends that he was denied a fair trial as a result of improper remarks made by the prosecutor in closing argument. He takes issue with the prosecutor's argument that B.B.'s testimony was credible, as well as the prosecutor's pleas for the jury not to "let down" B.B. and to "give her the justice that she deserves."

> [*P19]  To obtain a reversal on the ground of improper remarks made during closing argument, the defendant must demonstrate not only that the comments were improper, but also that they deprived the defendant of a fair trial. *State v. Pearson* (Dec. 1, 2000), 1st Dist. No. C-990860, 2000 Ohio App. LEXIS 5573.

> [*P20]  In this case, McGhee has failed to show undue prejudice. In

arguing that B.B.'s testimony was credible, the prosecutor simply asserted that B.B.'s testimony was internally consistent and that it was consistent with the other evidence.

[*P21] And while the prosecutor's plea for the jury to give the victim justice was arguably improper, *See State v. Brown,* 5th Dist. No. 2005CA00094, 2006 Ohio 826, P18. we cannot say that it deprived McGhee of a fair trial. The trial court instructed the jury that the arguments of counsel did not constitute evidence, and in the context of the entire proceedings, the remarks were inconsequential. *See id.* at P17. We overrule the third assignment of error.

*State v. McGhee, supra*, ¶¶ 18-21.

Since the state court decided this issue on the merits, this Court must defer unless the state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent.

On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168 (1986); *Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999) or whether it was "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979); *accord Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir. 1979), *aff'd sub nom*, *Watkins v. Sowders*, 449 U.S. 341 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6th Cir. 1983). The court must first decide whether the complained-of conduct was in fact improper. *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003), *citing United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). A four-factor test is then applicable to any conduct the Court finds inappropriate: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were

isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and whether the evidence against the defendant was strong." *Id.* The court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt. *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982). The court must examine the fairness of the trial, not the culpability of the prosecutor. *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1355 (6th Cir. 1993), *quoting Smith v. Phillips*, 455 U.S. 209, 219 (1982). In *Serra*, the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.,* at 1355-56 (*quoting Angel*, 682 F.2d at 608). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 572 (1997); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988). Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Thompkins v. Berghuis,* 547 F.3d 572 (6th Cir. 2008), *citing Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004).

Based on this legal standard, Petitioner is not entitled to habeas relief on this issue. First of all, arguing that a witness' testimony is internally consistent and consistent with that of other witnesses is not an improper vouching at all, but completely proper argument. And the plea to give the victim the justice she deserves cannot be thought to have lead the jury astray. The jury could well have concluded that justice required an acquittal, which they did find on one count. The Court of Appeals' decision is neither contrary to nor an unreasonable application of the relevant Supreme Court precedent on prosecutorial misconduct.

**Issue Number Four: Ineffective Assistance of Trial Counsel**

In this fourth issue, Mr. McGhee asserts his trial attorney provided ineffective assistance by (1) failing to object to the other acts and hearsay testimony and (2) failing to object to the prosecutorial misconduct discussed in Issue Number Three.

This claim was the fourth assignment of error on direct appeal which was decided as follows:

> [*P22]  In his fourth assignment of error, McGhee argues that he was denied the effective assistance of trial counsel. He contends that counsel was deficient in failing to object to the other-acts evidence, the hearsay statements, and the remarks of the prosecutor already discussed under the first, second, and third assignments of error.

> [*P23]  To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable performance and that prejudice arose from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L. Ed. 2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus. A defendant demonstrates prejudice by showing that, but for counsel's errors, there was a reasonable probability that the result of the proceeding would have been different. *Strickland, supra,* at 694, 104 S.Ct. 2052.

> [*P24]  In this case, we find no deficiency. As we have already discussed, there was no undue prejudice in the hearsay statements of Noel or in the remarks of the prosecutor. As for the other-acts evidence, defense counsel attempted to use the assault on B.B. as a means of demonstrating that she had a motive to falsely accuse McGhee of the sex offenses. Although the trial strategy was ultimately unsuccessful, we cannot say that counsel's performance fell below an objective standard of reasonableness.  See, e.g., *State v. Johnson,* 1st Dist. Nos. C-080156 and C-080158, 2009 Ohio 2568, P63 (reaffirming "the presumption that defense counsel's performance constituted sound trial strategy").

*State v. McGhee, supra,* ¶¶ 22-24.

The governing standard for ineffective assistance of counsel is found in *Strickland v.*

*Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d

313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "The likelihood of a

different result must be substantial, not just conceivable." *Storey v. Vasbinder*, ___ F.3d ___, 2011 U.S. App. LEXIS 19148 (6th Cir. Sept. 16, 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011). *See generally* Annotation, 26 ALR Fed 218.

This Court concludes that the Hamilton County Court of Appeals decision on this issue is neither contrary to nor an unreasonable application of *Strickland* and its Supreme Court progeny. Regarding the other acts evidence, it was defense counsel's strategy, knowing this was likely to come out, to use it to undermine B.B.'s credibility. Ultimately, that did not work, but it was plainly an arguably effective tactic prospectively and thus not ineffective assistance of trial counsel. The hearsay was cumulative and its exclusion was not likely to have changed the result. Finally, one of the prosecutor's comments was completely proper and the other only arguably improper. And the Court of Appeals reached the merits of the prosecutorial misconduct claim, so any potential ineffectiveness did not bar merit review here.

Under Proposition of Law No. VI, Mr. McGhee argues the Court of Appeals erred by applying a harmless error standard to deciding this issue, but it did not do that. Indeed, the words "harmless error" do not appear in the Court of Appeals' decision. Instead, it applied the correct *Strickland v. Washington* standard.

Mr. McGhee is not entitled to habeas relief on his ineffective assistance of trial counsel claim.

## Issue Number Five: Insufficient Evidence

In his fifth issue, Mr. McGhee asserts his conviction is not supported by constitutionally sufficient evidence and is against the manifest weight of the evidence. The first of these states a constitutional claim; the second does not.

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new

trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31(1982).

This claim was Mr. McGhee's fifth assignment of error on direct appeal which the Court of Appeals decided as follows:

> [*P25] In his fifth and final assignment of error, McGhee maintains that his convictions were based on insufficient evidence and were against the manifest weight of the evidence.

> [*P26] In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable

inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541.

[*P27] R.C. 2907.21(A)(2) provides that "[n]o person shall knowingly * * * [i]nduce, procure, encourage, solicit, request, or otherwise facilitate * * * [a] minor to engage in sexual activity for hire, whether or not the offender knows the age of the minor * * *." R.C. 2907.04(A) states that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

[*P28] In this case, the convictions were in accordance with the evidence. The state demonstrated that McGhee had induced and solicited B.B. to engage in sexual activity for hire and that he had facilitated the activity by procuring customers and by allowing the activity to occur in his home. The evidence also established that McGhee had engaged in sexual conduct with B.B. at least two times after learning that she was 15 years of age. Although McGhee questions B.B.'s credibility and emphasizes that she had engaged in prostitution before they met, we cannot say that the jury lost its way in finding him guilty.

[*P29] We overrule the fifth assignment of error and affirm the judgment of the trial court.

*State v. McGhee, supra*, ¶¶ 25-29.

This decision is neither contrary to nor an unreasonable application of *Jackson v. Virginia.*

In his Memorandum, Petitioner "states he did not commit this crime." (Memorandum, Doc. No. 8,

PageID 253.) He stresses B.B.'s lack of credibility and claims he did not compel her "to do anything

she was not already involved in herself." *Id.* However, the jury could not consider McGhee's

credibility against that of B.B. because he did not testify. The jury was entitled to believe what it

heard from B.B. The statute does not require any actual compulsion when the person being

prostituted is a minor and the testimony is that McGhee pimped B.B. out to at least several men,

regardless of what she had been doing before she met him.  He claims the sexual conduct with a minor charges were not credible, but DNA evidence proved she was carrying his child.  This issue is also without merit.

## Other Issues

In his Second Ground for Relief, Mr. McGhee asserts he received ineffective assistance of trial counsel because counsel did not object to his absence from a sidebar conference and failed to raised "psychiatric issues."  These claims are not explained at all and thus do not merit habeas relief.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 2, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).